

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*partially*
Overruled by O-116 K

Honorable E. G. Moseley
Civil District Attorney
Dallas, Texas

Dear Sir:

Opinion Number O-1379
Re: Expenditure of Road
Bond Fund.

We are in receipt of your opinion request of recent date, in which you ask the following questions:

"Question 1. Can the Commissioners' Court employ attorney for the purpose of instituting and prosecuting condemnation lawsuits in acquiring such rights-of-way and pay salary out of bond funds?

"Question 2. Can the Commissioners' Court employ appraisers prior to court's order authorizing institution of condemnation suits, appraisers to be witnesses and furnish information necessary in instituting condemnation suits, and pay for services from bond funds?

"Question 3. Can Commissioners' Court expend such funds for payment of appraisers' fees if settlement is reached after appraisal but before institution of condemnation? Attorney to be salary; appraiser for work actually performed."

We also acknowledge receipt of your brief which aided us materially in preparing our opinion.

As we understand it, this particular bond issue was voted by the people in Dallas County in 1939, the bond order

providing that — " * * * the proceeds of said bonds shall be used solely for the purpose of acquiring or purchasing land or rights-of-way in respect of roads and highways * * * * and the order further describes the proposed highways by number, etc., for identification purposes. In arriving at our conclusion we have considered Article 3, Section 52, and Article 8, Section 9, of the Constitution of the State of Texas, and also Article 752q of the Civil Statutes, which provides — " * * * other expenses incident to the issuance of said bonds may be paid out of the proceeds from the sale of the bonds * * *".

It is quite obvious that the Commissioners' Court must perform its duties through subordinate officers, agents and employees, and we are of the opinion that in condemnation proceedings for the acquisition of rights-of-way, all expenses in connection therewith can be paid out of such bond issue; for example, court costs, including witness fees, and also the amount of the award. Expert witnesses, in order to testify concerning land values must see the land in question for appraisal purposes. They must be in a position to testify concerning the value of any such land; that they inspected same and considered the drainage structure, fertility, shape of the land, and whether or not the proposed highway will divide same into two or more separate parts, as well as numerous other conditions that could possibly arise by reason of the acquisition of rights-of-way for highways on or across any particular tract of land. The competency and reliability of such testimony would depend greatly upon the length of time and the thoroughness of the appraiser's inspection. Therefore, from a practical standpoint, such appraisers must be employed to appraise a particular tract of land before condemnation proceedings are instituted for two reasons: first, because there are only five days intervening between the order of the Commissioners' Court authorizing the condemnation proceedings and the hearing before the Special Commissioners, and, second, because neither the Commissioners' Court nor the attorneys instituting suit, or any county officials, would be fully advised or have sufficient facts before them to intelligently arrive at a conclusion concerning the advisability of condemning said property. These appraisers would be available to be used as witnesses not only before the Special Commissioners but before the County Court in case of appeal.

Honorable E. G. Moseley, page #3

We believe that the above reasoning would justify a conclusion that the services of appraisers would be incidental and necessary to the acquisition of rights-of-way.

It is our opinion that the appraisers may be compensated on a per tract or per day basis in a reasonable sum from the bond funds where suit is instituted after such appraisal or before such appraisal, or where a settlement is reached before the institution of the trial of any condemnation suit necessary in acquiring said rights-of-way. See Galveston County vs. Gresham, 220 S. W. 560; Gulf Bitulithic Company vs. Nueces County, 11 S. W. (2d) 305; Russell vs. Cage, 1.S. W. 270.

The general rule is that the Commissioners' Court has authority to employ attorneys for the accomplishment of specific purposes authorized by law. Where the Commissioners' Court employs an attorney to institute and prosecute condemnation lawsuits for the purpose of acquiring rights-of-way across specific tracts, and for the purpose of building specific highways and identifies such highways by references to blue prints, maps, surveys and plats on file with the County Engineer's Office, and where the attorney is also charged with examining a condensed abstract of such property, the preparation of deeds and other contracts, it is our opinion that such attorney can be compensated out of and from the funds from the sale of such bonds. The cases seem to hold that an attorney may be retained in special cases for specific services, but that the Commissioners' Court would not have the power to employ an attorney on a salary basis for services neither definitely required nor performed. See Grooms vs. Atascosa County, 32 S. W. 188; City National Bank vs. Presidio County, 26 S. W. 775; Jones vs. Veltman, 171 S. W. 287. In the case of Galveston County vs. Gresham, 220 S. W. 560, the court held that the Commissioners' Court had the authority to employ an attorney for the specific sum of $2500 to carry out the proceedings necessary to give the county power to construct a seawall. We see that the Commissioners' Court has authority to employ attorneys only for the accomplishment of specific objectives. Therefore, we believe that the attorney should be employed for a

Honorable R. O. Moseley, page #4

specific sum of money to institute and prosecute condemnation lawsuits for the purpose of acquiring rights-of-way across specific tracts of land, and that the attorney should also be employed for a specific sum to examine abstracts, preparation of deeds, and other contracts in connection with specific tracts of land.

Therefore, it is our opinion that all three questions should be answered in the affirmative, except that in question number one the attorney should be paid a specific sum of money rather than employed on a salary basis.

We are also enclosing a copy of our Opinion Number 962, which is mentioned in your opinion request.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

COB-s
Encl.

APPROVED NOV 2, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



